417 So.2d 22 (1982)
COMMUNITY ACCEPTANCE CORPORATION OF DENHAM SPRINGS, INC.
v.
Tommy Lee KINCHEN, Carolyn Cobb and Michael Cobb.
No. 14719.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Calvin C. Fayard, Jr., Denham Springs, for plaintiff.
Michael Cobb, pro se.
Before LEAR, CARTER and CHIASSON, JJ.
LEAR, Judge.
Plaintiff-appellant, Community Acceptance Corp. of Denham Springs, Inc. (Community), a finance and loan company, filed suit against three individual defendants as co-makers of a promissory note. Only a few payments were made on the note, and after default, Community rebated unearned interest in the amount of $73.86 and sued the co-makers for the balance due on the account in the amount of $1,322.00, plus 28.5% interest from December 12, 1978 (the annual percentage rate of interest stated in the note from the date of its execution), and 25% additional attorneys fees. After a trial on the merits, the court found that plaintiff had violated certain provisions of LSA-R.S. 9:3510, et seq. (the Louisiana Consumer Credit Law) and that the transaction was an overreaching by plaintiff. The court further found, as a matter of law, that the agreement sued upon is unconscionable, and under the express provisions of R.S. 9:3551 refused to enforce it. For the reasons stated below, we affirm.
The note sued upon was executed in connection with a consumer credit transaction, and is therefore governed by the provisions of the Louisiana Consumer Credit Law. R.S. 9:3516(12).
Community's manager, Herbert Harthcock (Harthcock), was acquainted with defendant Michael Cobb (Michael) and was aware that Michael wished to acquire a second hand vehicle. Harthcock thereafter *23 "found" a vehicle for Michael, at which time Community, through Harthcock, financed the purchase of this vehicle. The evidence indicates that Harthcock found this vehicle through a classified advertisement in a local paper. The cost of the vehicle was $500.00. Subsequently, Michael arranged to sell the vehicle to defendant Tommy Lee Kinchen (Kinchen) and Community again financed this purchase of the vehicle, this second financing being the transaction at issue. At the time of this transaction, Community paid off Michael's previous debt in the amount of $844.00 and advanced $150.00 for repair of the then disabled vehicle. Community required the seller, Michael, the purchaser, Kinchen, and defendant Carolyn Cobb (Carolyn) who was living with Kinchen, to execute a note in the amount of $1,647.60, of which only the $150.00 for repairs was new money.
Initially, we note the court's finding that plaintiff failed to rebate unearned interest in the pay-off of Michael's loan, in violation of R.S. 9:3528. This failure, of course, taints the transaction at issue, because without unearned interest being rebated, the defendants were obligated to repay an amount in excess of that which was actually loaned.
The court found as a fact that "the defendants are all unsophisticated, uneducated people of extremely limited means, all of whom had an imperfect understanding of the transaction they entered into with plaintiff." The court further found as a fact that plaintiff, through Harthcock, knew that the vehicle itself was disabled at the time of the transaction and worth only a few hundred dollars, far less than the amount of the note which the defendants were required to sign. In this regard, the court found that the discrepancy between the actual value of the vehicle and the size of the note was so great that it "amounts to overreaching by plaintiff, and exploitation of the unsophisticated, to such a degree that it borders on fraud."
With regard to the court's refusal to enforce this transaction, R.S. 9:3551 provides as follows:
"With respect to a consumer credit transaction, if the court as a matter of law finds the agreement or any clause of the agreement to have been unconscionable at any time it was made the court may refuse to enforce the agreement...."
The Louisiana Consumer Credit Law defines the term "unconscionable" as follows:
"A contract or clause is unconscionable when at the time the contract is entered into it is so onerous, oppressive or onesided that a reasonable man would not have freely given his consent to the contract or clause thereof in question; ...." R.S. 9:3516(30).
Considering plaintiff's failure to rebate unearned interest in the prior transaction, together with its knowledge that the amount of defendants' obligation far exceeded the actual value of the vehicle purchased by Kinchen and financed by plaintiff, the trial court concluded that the agreement sued upon was "so onerous, oppressive and onesided that no reasonable man would have freely consented to it." After reviewing this entire record, and especially considering plaintiff's manager's personal knowledge and involvement in this transaction, we find the trial court to have been correct in both its factual findings and its conclusion of law as to the unconscionability of this transaction. We further find that the trial court properly acted within its discretion in refusing to enforce the agreement sued upon.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs, both at trial and on appeal, are to be paid by plaintiff-appellant, Community Acceptance Corp. of Denham Springs, Inc.
AFFIRMED.